# ORIGINAL

## In the United States Court of Federal Claims

**FILED**

No. 16-1650T (Pro Se)

(Filed: October 6, 2017 | Not For Publication)

OCT - 6 2017

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DENNIS J. HUELBIG, JR.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Keywords: Pro Se Complaint; Tax Refund; Subject Matter Jurisdiction; Motion to Partially Dismiss Complaint; Motion for a More Definite Statement; Anti-Injunction Act; Abatement. |

*Dennis J. Huelbig, Jr.*, Las Vegas, NV, pro se.

*Blaine Ginroku Saito*, Tax Division, U.S. Department of Justice, Washington, DC, with whom were *David I. Pincus*, Chief, Court of Federal Claims Section, and *David A. Hubbert*, Acting Assistant Attorney General, for Defendant.

### OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Dennis J. Huelbig Jr., proceeding pro se, filed this tax refund case on December 15, 2016. See Compl., Docket No. 1. In addition to seeking a refund, he asserts a claim for damages against the Internal Revenue Service (IRS) and requests an abatement and declaratory relief. The government has moved to partially dismiss Mr. Huelbig's complaint and for a more definite statement. For the reasons discussed below, the government's motion is **GRANTED**. Further, Mr. Heulbig's motion to proceed in forma pauperis is **DENIED**.

### BACKGROUND

In his complaint, Mr. Huelbig appears to allege that he was owed a refund of $315,111 for the 2009 tax year. Compl. ¶¶ 13, 19. According to Mr. Huelbig, in August 2012, the IRS issued a tax refund check to him in the amount of $125,904.04. Id. ¶ 9. This check, however, was allegedly returned to the IRS as undeliverable. Id. Thereafter, in October 2012, Mr. Huelbig allegedly filed a "Claim for Refund and Request for Abatement" with the IRS using "Form 843." Id. ¶ 10.

More than a year later, on September 16, 2013, the IRS allegedly sent Mr. Huelbig a "Notice CP05 for the tax year 2011," which stated that the IRS was "holding [his] refund while [it] finish[ed] reviewing [his] tax return." Id. ¶ 11.

At some point, "[i]n an effort to be honest and reasonable," Mr. Heulbig allegedly amended his 2009 tax return and "reduc[ed] the orginally claimed refund" of $315,111. Id. ¶ 13. Mr. Huelbig, however, asserts that the "original refund amount is still due and owing" and that he remains "entitled to immediate possession" of those funds. Id. ¶¶ 13, 19.

Mr. Huelbig filed his complaint in this Court on December 15, 2016. He alleges that the notice he received on September 16, 2013 serves as a "denial of [his] claim for [a] refund." Id. ¶ 14. He thus seeks the refund of the "amounts originally reported." Id. at 4. Further, he requests the "abatement of the unpaid portion of the assessment made against" him; a "declaratory judgment providing the respective rights and duties of the parties"; and damages in the amount of $400,000, including $100,000 in "exemplary and punitive damages." Id. at 4–5.

Along with his complaint, Mr. Huelbig filed a motion to proceed in forma pauperis. See Docket No. 4. In his motion, Mr. Huelbig states that he is self-employed, and that, within the last twelve months, he has received "gross receipts in the amount of $24,000.00." Id. at 1.

On June 14, 2017, the government filed a motion to partially dismiss the case for lack of subject matter jurisdiction and for a more definite statement. Docket No. 15. Mr. Huelbig has not filed a response.

## DISCUSSION

## I.     Legal Standards

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the court may also "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims' jurisdiction derives primarily from the Tucker Act, which grants the court jurisdiction to entertain "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights, United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must

identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In addition, concurrent with the district courts, the Court of Federal Claims has jurisdiction over suits for the refund of taxes that allegedly have been erroneously or unlawfully assessed or collected. 28 U.S.C. § 1346(a)(1); see also United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008). "[B]efore doing so, the taxpayer must comply with the tax refund scheme established in the [Internal Revenue] Code," Clintwood Elkhorn Mining Co., 553 U.S. at 4. Further, the relief available in such a lawsuit is carefully circumscribed. Thus, the court lacks the ability to order any restraints on the IRS's assessment or collection of any tax, as such an order would violate the Anti-Injunction Act, IRC § 7421(a). See Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002). Likewise, a plaintiff in this court may not maintain a claim for tax-collection-related damages. Id.; see also IRC § 7433(a) (stating that such a case must be filed "in a district court of the United States"). Finally, under 28 U.S.C. § 2201, the Court of Federal Claims "has no jurisdiction to grant a declaratory judgment with regard to Federal taxes." Sweeney v. United States, 285 F.2d 444, 447 (Ct. Cl. 1961); see also Horne v. United States, 519 F.2d 51, 52 (5th Cir. 1975) ("It is . . . well settled that a declaratory judgment cannot be issued in a tax case.").

The Rules of the Court of Federal Claims (RCFC) also contain specific provisions applicable to tax refund suits. In particular, RCFC 9(m) provides that:

> In pleading a claim for a tax refund, a party must include:
> (1) a copy of the claim for refund, and
> (2) a statement identifying:
> (A) the tax year(s) for which a refund is sought;
> (B) the amount, date, and place of each payment to be refunded;
> (C) the date and place the return was filed, if any;
> (D) the name, address, and identification number (under seal) of the taxpayer(s) appearing on the return;
> (E) the date and place the claim for refund was filed; and
> (F) the identification number (under seal) of each plaintiff, if different from the identification number of the taxpayer.

## II.    Application of Standards

The Court agrees with the government that it lacks jurisdiction over several of the claims Mr. Huelbig asserts. First, as mentioned, suits for damages under IRC § 7433 must be filed in the district courts, not the Court of Federal Claims. To the extent Mr. Huelbig's damages claims are grounded in § 7433, the Court therefore lacks jurisdiction over them.[1]

---

[1] To the extent that Mr. Huelbig's damages claims are based not on the IRS's collection efforts, but rather on some other unspecified conduct on its part, such claims would sound

Further, it is well-established that the Anti-Injunction Act bars suits seeking the abatement of taxes because such actions amount to challenges to the IRS's tax assessments. See Fostvedt v. United States, 978 F.2d 1201, 1202–03 (10th Cir. 1992), cert. denied, 507 U.S. 988 (1993); Latch v. United States, 842 F.2d 1031, 1033 (9th Cir. 1988) (per curiam); Compton v. United States, 334 F.2d 212, 214–15 & n.5 (4th Cir. 1964); see also Cherbanaeff v. United States, 77 Fed. Cl. 490, 505 (2007) (court lacked jurisdiction over complaint that was "essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments" (quoting Lonsdale v. United States, 919 F.2d 1440, 1442 (10th Cir. 1990)), aff'd, 300 F. App'x 933 (Fed. Cir. 2008). The Court therefore has no jurisdiction over Mr. Huelbig's claim for an abatement.

In addition, as noted above, the Court of Federal Claims may not grant a declaratory judgment in a tax refund case. See 28 U.S.C. § 2201; Sweeney, 285 F.2d at 447. Accordingly, the Court lacks jurisdiction over Mr. Huelbig's claim for a declaratory judgment.

In short, the Court lacks jurisdiction over Mr. Heulbig's claim for damages and his request for an abatement. It also has no power to grant the declaratory relief he seeks. Accordingly, the government's motion to partially dismiss those claims is **GRANTED**.

In addition, the Court **GRANTS** the government's motion for a more definite statement. As set forth above, the court's rules require plaintiffs in tax refund cases to include with their pleadings a copy of their claim for a refund and an identifying statement including specific information demonstrating that the taxpayer has complied with the administrative refund scheme. See RCFC 9(m). Mr. Huelbig's complaint does not include this information, and pro se plaintiffs are not exempt from these filing requirements.[2] See Artuso v. United States, 80 Fed. Cl. 336, 338–39 (2008). Further, the Court has also determined that Mr. Huelbig does not lack the resources to pay the court's filing file. Mr. Huelbig's motion to proceed in forma pauperis is therefore **DENIED**.

## CONCLUSION

The government's motion to partially dismiss the complaint is **GRANTED**. Mr. Huelbig's claims for damages, an abatement, and a declaratory judgment are therefore **DISMISSED** without prejudice. Further, the government's motion for a more definite statement is **GRANTED**, and Mr. Huelbig's motion to proceed in forma pauperis is **DENIED**. Mr. Huelbig shall therefore pay the court's filing fee and file an amended

---

in tort. Such claims, however, are expressly excluded from the Court of Federal Claims' Tucker Act jurisdiction. 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993).

[2] Indeed, while Mr. Huelbig appears to request a refund based on his 2009 tax return, he also asserts that the September 16, 2013 letter from the IRS related to the 2011 tax year. See Compl. ¶¶ 10–11, 13, 19.

complaint that comports with RCFC 9(m) by **November 10, 2017**. In accordance with RCFC 9(m), any identifying information contained in Mr. Huelbig's amended pleading shall be filed under seal.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge